IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| STEPHEN PHILLIPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:22-cv-01250-SHM-tmp |
| | ) | |
| | ) | |
| SERGEANT F/N/U/ WATKINS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER MODIFYING THE DOCKET;
DISMISSING THE COMPLAINT (ECF NO. 1) WITH PREJUDICE;
AND DENYING LEAVE TO AMEND**

On November 7, 2022, Plaintiff Stephen Phillips filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) When Phillips filed the complaint, he was confined at the Hardeman County Correctional Complex (the "HCCF"), in Whiteville, Tennessee. (*Id*. at PageID 2.) On January 13, 2023, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*. (the "PLRA"). (ECF No. 5.) On June 26, 2023, Phillips notified the Clerk of Court that Phillips had been transferred from the HCCF to the Northwest Correctional Complex (the "NWCX"), in Tiptonville, Tennessee. (ECF No. 6.)

The complaint alleges that, on October 23, 2022, HCCF Sergeant Watkins: (1) rejected the "visitation form" submitted by Phillips' daughter (the "Form"); (2) "gave two different reasons" for rejecting the Form; and (3) "never allowed [Phillips] to [examine the Form] to actually see if th[e] [reasons] w[ere] true or not." (ECF No. 1 at PageID 2.) The complaint is construed to allege

a claim of deprivation of due process. (*Id*. at PageID 2-3 (the "Due Process Claim").) Phillips does not allege injury from Watkins's rejection of the Form. (*See id*.)

Watkins is the sole named Defendant. (*See id*. at PageID 1-2.)

Phillips seeks fifty million dollars ($50,000,000.00).

The Clerk is directed to modify the docket to add two (2) Defendants: (1) the Hardeman County Correctional Facility, in Whiteville, Tennessee; and (2) CoreCivic. (*See id*. at PageID 1-2.)

The complaint (ECF No. 1) is before the Court.

For the reasons explained below: (1) the complaint (ECF No. 1) is DISMISSED WITH PREJUDICE for failure to state a claim to relief as a matter of law; and (2) leave to amend is DENIED.

I.     **LEGAL STANDARD**

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint —

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Under those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations

2

are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.  Federal Rule of Civil Procedure 8 provides guidance on this issue.  Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8.  Rule 8 also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

Courts screening cases accord more deference to *pro se* complaints than to those drafted by lawyers.  "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)).  *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

## II.     REQUIREMENTS TO STATE A CLAIM UNDER § 1983

Phillips sues under 42 U.S.C. § 1983.  (ECF No. 1 at PageID 1.)  To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

## III.    ANALYSIS

### Official Capacity Claim Against Watkins; Claim Against The HCCF; Claim Against CoreCivic

Phillips does not state whether he sues Watkins in Watkins' official or individual capacity. The Sixth Circuit requires plaintiffs to "set forth clearly in their pleading that they are suing the

3

state defendants in their individual capacity for damages, not simply in their capacity as state officials." *Wells*, 891 F.2d at 592. "Absent a specification of capacity, it is presumed that a state official is sued in his official capacity." *Northcott v. Plunkett*, 42 F. App'x 795, 796 (6th Cir. 2002) (citing *Wells*, 891 F.2d at 593). Phillips's claim against Watkins is construed as a claim against Watkins in Watkins' official capacity.

Phillips' official capacity claim against Watkins is construed as a claim against Watkins' employer – CoreCivic. *See Jones v. Union Cnty., Tennessee*, 296 F.3d 417, 421 (6th Cir. 2002) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)). CoreCivic is a private company that manages the HCCF, which houses inmates in the custody of the Tennessee Department of Correction (the "TDOC").[1] *See, e.g., Glenn v. Walker*, No. 21-1013, 2021 WL 4269474, at *2 (W.D. Tenn. Sept. 20, 2021); *Talley v. McKinney*, No. 20-1118, 2021 WL 1254681, at *3 n.2 (W.D. Tenn. Apr. 5, 2021).

"A private corporation that performs the traditional state function of operating a prison acts under color of state law for purposes of § 1983." *Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)). The Sixth Circuit has applied the standards for assessing municipal liability to claims against private corporations that operate prisons or provide medical care to prisoners. *Id.* at 748-49; *Street*, 102 F.3d at 817-18; *Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386, 388 (6th Cir. 2001). CoreCivic "cannot be held liable under a theory of *respondeat superior*." *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011). To prevail on a § 1983 claim against CoreCivic, Phillips "must show that a policy or well-settled custom of the company was the 'moving force' behind the alleged

---

[1] *See* https://www.tn.gov/correction/sp/state-prison-list/hardeman-county-correctional-facility.html ("Hardeman County Correctional Facility is owned by the Hardeman County Correctional Facilities Corporation, which contracts with CoreCivic for management of the prison") (last accessed July 6, 2023).

deprivation" of his rights. *Id.* Phillips does not identify or describe any policy or custom of CoreCivic governing the Form, much less an unconstitutional policy or custom of CoreCivic pursuant to which Watkins acted to deprive Phillips of his constitutional rights. (*See* ECF No. 1 at PageID 2-3.)

To the extent Phillips alleges a claim under § 1983 against the HCCF, the complaint fails to state a claim to relief. Under § 1983, a jail is not a "person" subject to suit. *Marbry v. Corr. Med. Serv.*, 238 F.3d 422 (table), No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000).

For the reasons explained above, Phillips does not allege facts stating a claim to relief against CoreCivic, against the HCCF, or against Watkins in Watkins' official capacity.

In addition to the pleading insufficiency described above, the Due Process Claim, which is Phillips' sole claim, fails to state a claim to relief as a matter of law. Phillips alleges that Watkins rejected the Form because it was "missing [the] signature and driving license number" of Phillips' daughter. (ECF No. 1 at PageID 2.) Phillips' allegation is construed as a claim of deprivation of due process arising from Watkins' failure to follow HCCF administrative policies governing non-prisoners' visitation of HCCF inmates. Phillips' allegation is not well taken.

An inmate's allegation that jail officials failed to follow a correctional facility's administrative policies does not rise to a constitutional violation. *See Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007). Mandatory language in prison regulations, which Phillips' complaint does not clearly allege, does not create a liberty interest protected by the Due Process Clause. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Rienholtz v. Campbell*, 64 F. Supp. 2d 721, 729-30 (W.D. Tenn.), *aff'd*, 198 F.3d 247 (6th Cir. 1999) (citing *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-71 (6th Cir. 1995)). Even if the complaint were construed to allege that (1) the HCCF had policies and procedures governing non-prisoners' visitation of inmates and (2) Watkins was bound to follow those policies and procedures, § 1983 would not provide a remedy for violations of state

laws or regulations. *See Lewellen v. Metro. Gov't of Nashville and Davidson Cnty.*, 34 F.3d 345, 347 (6th Cir. 1994); *see also Storm v. Swiger*, No. 4:07 CV 2387, 2007 WL 3171491, at *3 (N.D. Ohio Oct. 29, 2007) (the violation of a prison regulation is not actionable under § 1983) (citing *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993), *overruled in part on other grounds by Thompson v. Keohane*, 516 U.S. 99, 111 (1995)). Phillips does not have a constitutional right to require that Watkins observe any particular HCCF policies and procedures governing non-prisoners' visitation of inmates.

The complaint (ECF No. 1) is DISMISSED WITH PREJUDICE for failure to allege facts stating a claim to relief as a matter of law.

## IV.    AMENDMENT UNDER THE PLRA

The Court DENIES leave to amend under 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii) and 1915A(b)(1). The Sixth Circuit has held that a District Court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). In cases where it would not be possible for a plaintiff to amend his complaint to state a claim for relief, leave to amend should not be granted. *See Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("If it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1281–82 (10th Cir. 2001).

Phillips would not have actionable claims even if he were to amend. The complaint, liberally construed, alleges a sole claim: *i.e.*, that Watkins failed to follow HCCF policies governing non-prisoners' applications to visit HCCF inmates. Mandatory language in prison regulations does not create a liberty interest protected by the Due Process Clause. *See Sandin*, 515

U.S. at 484; *Rienholtz*, 64 F. Supp. 2d at 729-30.  Phillips should not be given an opportunity to amend the complaint.

## V. APPELLATE ISSUES

Pursuant to Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), it is CERTIFIED that any appeal in this matter by Phillips would not be taken in good faith.  If Phillips chooses to file a notice of appeal, he must either pay the entire five hundred and five dollar ($505.00) appellate filing fee or submit a new *in forma pauperis* affidavit and a current, certified copy of his inmate trust account statement for the last six months, in compliance with 28 U.S.C. §§ 1915(a)-(b).

## VI. CONCLUSION

For the reasons explained above:

A.  The complaint (ECF No. 1) is DISMISSED WITH PREJUDICE for failure to state a claim to relief as a matter of law.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii) and 1915A(b)(1)-(2).  Leave to amend is DENIED.

B.  The "three strikes" provision of 28 U.S.C. § 1915(g) prevents a court from granting *in forma pauperis* status to a prisoner who "has, on 3 or more prior occasions, while incarcerated . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(g).  For § 1915(g) analysis of Phillips's future filings, if any, the Court RECOMMENDS that the dismissal of this case be treated as a strike pursuant to § 1915(g).  *See Simons v. Washington*, 996 F.3d 350 (6th Cir. 2021).

IT IS SO ORDERED, this 15th day of August, 2023.

            /s/ *Samuel H. Mays, Jr.*
            SAMUEL H. MAYS, JR.
            UNITED STATES DISTRICT JUDGE